24,583-17

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 18 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL
APPEALS FOR THE STATE OF
TEXAS

FRANK DWIGHT CARTER
v.
THE STATE OF TEXAS

TEXAS 7th DISTRICT
COURT OF APPEALS No.
07-14-00296-CR
TRIAL COURT CASE No.
89-409,752

## DEMAND FOR DETERMINATION OF VOID JUDGEMENT

COMES NOW FRANK DWIGHT CARTER, SUI JURIS; TO DEMAND DETERMINATION OF "VOID JUDGEMENT" THAT WAS FILED IN THE 364th DISTRICT COURT OF LUBBOCK COUNTY TEXAS ON DECEMBER 30th, 2014 AND WAS SUBMITTED TO THE SEVENTH DISTRICT COURT OF APPEALS (TEXAS) ON MARCH 23rd 2015.

COURT HAS NO DISCRETION TO REFUSE TO VACATE A VOID JUDGEMENT, EXPORT V. REEF, 54 F.3d 1466, 1469 (9th CIRCUIT 1995) BECAUSE THE VALIDITY OF A JUDGEMENT IS A LEGAL QUESTION.

JUDGEMENTS ENTERED WHERE COURTS LACK EITHER SUBJECT MATTER OR PERSONAL JURISDICTION OR OTHERWISE ENTERED IN VIOLATION OF DUE PROCESS OF LAW, MUST BE SET ASIDE.

RES JUDICATA CONSEQUENCES WILL NOT BE APPLIED TO A VOID JUDGEMENT WHICH IS ONE WHICH, FROM ITS INCEPTION, IS A COMPLETE NULLITY AND WITHOUT LEGAL EFFECT.

THE void judgement at issue is procured and continued by way of extrinsic and collateral, intentional bad faith fraud on the court, tampering and falsification of official government records and manipulations of the judicial mechanisms and machinery as evidenced by the states very own official records and documents which are shielded from review under the guise that the Texas courts have no jurisdiction to review, entertain and determine.

THE state has mentioned V.A.C.C.P. Art 11.07 and finality but will not address the fact as to whether the instant judgement is legally impugned from the timely objected to, erroneous findings of fact and conclusions of law dated Aug 31st, 1994 (second V.A.C.C.P. Art 11.07) In No. 89-409,752(B).

THE trial court jurisdiction was challenged (Art. 11.07) and legally impugned with the 1994 finding of fact and ignored.

I, FRANK Dwight CARTER have repeatedly Informed THE trial court (which no longer exist) and the prosecutor have refused to state jurisdiction over the parties and subject matter after authorized dismissal of the case, for the record.

I have suffered irreversible harm and have been and continue subject to cruel and unusual punishment by the state.

THEREFORE since the trial court (99th Jud. Dist. of Lub. Co TX, which no longer exist) erred by refusal to prove jurisdiction once challenged in accordance to U.S. Supreme Court presidence, and acted in a manner inconsistent with due process, I FRANK Dwight CARTER demand the court make a determination on the void judgement in accordance with the law. FRANK Dwight CARTER; THE living man.

Respectfully submitted

FRANK Dwight CARTER

# CERTIFICATE OF SERVICE

I, FRANK DWIGHT CARTER, sui juris HEREBY certifies THAT on ___MAY___ ___11th___ 2015 I did deposite into THE U.S. MAIL, A TRUE AND CORRACT Copy OF DEMAND FOR DETERMINATION OF VOID JUDGEMENT, POSTAGE PREPAID TO THE FOLLOWING PERSONS;

OFFICE OF THE CLERK
PEGGY CULP
SEVENTH DISTRICT OF TEXAS
COURT OF APPEALS
P. O. BOX 9540
Amarillo, TX. 79105

RASPECTFULLY

FRANK DWIGHT CARTER
8500 DRURY LANE
ST. LOUIS, MO. 63147

PH. 314 438 0920

S/C
RATAINED to Just.
COPY